UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

J & J SPORTS PRODUCTIONS, INC.                                               PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:10CV-732-S

COLE'S PLACE, INC., et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter was referred to the United States Magistrate Judge for findings of fact, conclusions of law and recommendation concerning an award of damages after entry of default judgment against defendants Cole's Place, Inc. d/b/a Cole's Place, and John Cole, III. The magistrate judge determined than no evidentiary hearing was necessary.

The magistrate judge entered findings of fact and conclusions of law, and recommended that a judgment of $3,000 be entered against Cole's Place, Inc., comprising $1,000 in statutory damages under 47 U.S.C. § 605, increased threefold for willful conduct. It was further recommended that the court vacate the default judgment against John Cole, III individually, as the plaintiff, J & J Sports Productions, Inc., ("J & J") had not met its burden to establish that John Cole, III either had personal knowledge of or direct involvement in the events of December 6, 2008 so as to establish a basis for imposition of joint and several liability for damages. A supplemental report was entered recommending an award of attorney's fees in the amount of $2,100.00 and costs in the amount of $450.00.

J & J has objected to the recommended amount of damages and the recommendation that the default judgment be vacated as against John Cole, III.[1]

The court concludes that the recommended sum of $3,000.00 in damages is supported by the evidence of record and case law, as set forth in detail in the magistrate judge's report. J & J's objections offer nothing new. It insists that this sort of willful piracy is egregious and that a much larger damage award is required to provide a deterrent effect on Cole's Place, Inc. and other such entities.

The magistrate judge noted that willfulness is apparent in cases such as this one where a scrambled signal has been misappropriated for broadcast in a commercial setting. "Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999).

The recommended award of $1,000.00 in statutory damages is greater than the minimum award provided by statute, $250.00 for unknowing violation. The award was increased to $3,000.00, triple the statutory award, to account for the necessarily a deliberate act taken to access the broadcast, to "put violators 'on notice that it costs less to obey the...laws than to violate them.' [citation omitted]." *Googies Luncheonette*, 77 F.Supp.2d at 490-91.

The evidence offered by J & J, as reported by its investigator who was present on the night in question, was that

    (1) Cole's Place is small;

    (2) There were few patrons;

---

[1] J & J has not objected to the award of attorney's fees and costs not has it objected to the magistrate judge's determination that damages should be awarded only under 47 U.S.C. § 605.

(3) The establishment has no history of prior violations;

(4) At 10:15 p.m., there were 15 individuals present, but the count did not differentiate between patrons and staff;

(5) There was no cover charge,

(6) There was no advertising of the broadcast;

(7) There were no promotional activities; and

(8) There was no evidence gathered concerning food or drink sold that night.

The court concludes that these factors fully support the magistrate judge's recommended award. There is ample case law consistent with this analysis, as cited in the magistrate judge's report.

The court also agrees that the default judgment as against John Cole, III should be vacated.

> Entry of default judgment constitutes admission of all well-pleaded allegations, except those pertaining to the amount of damages. *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); Fed.R.Civ.P. 8(d). The court must conduct an inquiry sufficient to establish damages to a "reasonable certainty," *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The plaintiffs bear the burden of proving its entitlement to the amount demanded. *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992)(citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

*J & J Sports Productions, Inc. v. Daley*, No. CV06-0238(ERK)(JO), 2007 WL 7134707, *3 (E.D.N.Y. Feb. 15, 2007).

J & J urges that joint and several liability should be imposed as between John Cole, III and Cole's Place, Inc. on the grounds that Cole is the sole owner of Cole's Place and holds the liquor license for the establishment. Thus J & J contends that Cole necessarily has a strong financial interest in pirating J & J's proprietary broadcasts. Further, it urges that Cole "enabled" the patrons

of Cole's Place to view the event.  J & J contends that it has adequately alleged in the complaint that "the Defendants" willfully intercepted and transmitted the broadcast, or assisted in doing so.

Simply referring to the owner and the corporation collectively as "the Defendants" is insufficient to identify Cole's individual role in the misconduct, if any.  Without more, such general allegations are insufficient, even though admitted by default, to establish that Cole "had a "right and ability to supervise" the violations, as well as an obvious and direct financial interest in the misconduct."  *J & J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469, 473 (E.D.N.Y. 2009).  "Individual liability under the Cable Act requires that the individual authorize the underlying violations."  *Id.*  The complaint is lacking the requisite allegations.  Therefore, the default judgment against John Cole, III will be vacated.  *See, 291 Sports Bar & Lounge,* 648 F.Supp.2d at 473, and cases cited therein; *Daley, supra.*

For the reasons set forth herein, the Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge (DNs 15, 21) are **ACCEPTED AND ADOPTED IN THEIR ENTIRETY** and the objections of the plaintiff, J & J Sports Productions, Inc., (Dns 19, 22) are **OVERRULED.  IT IS FURTHER ORDERED** that the default judgment against John Cole, III is **VACATED** and the complaint as to John Cole, III is **DISMISSED.**  A separate judgment will be entered herein this date in accordance with this opinion.

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**

February 10, 2012

Charles R. Simpson III, Judge
United States District Court